## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| iDevices, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Williams-Sonoma, Inc., <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff iDevices, LLC ("Plaintiff"), by and through its attorneys, hereby files this Complaint against Williams Sonoma, Inc. ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for injunctive relief and damages for trademark infringement, unfair competition, and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*. (the "Lanham Act"); and for trademark infringement, unfair competition, and unfair trade practices under the laws of the State of Connecticut.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367 over Plaintiff's claims for trademark infringement, unfair competition and unfair trademark practices under the laws of the State of Connecticut.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant in that Defendant does business in the State of Connecticut. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that the Defendant is an entity that does business in this District and/or is subject to personal jurisdiction in this District.

## THE PARTIES

5. Plaintiff iDevices, LLC is a limited liability company, organized and existing under the laws of the State of Connecticut, having its principal place of business at 136 Simsbury Road, Building 12, Avon, Connecticut 06001.

6. Upon information and belief, Defendant Williams-Sonoma, Inc. ("Defendant") is a corporation organized and existing under laws of the State of Delaware, having an address and conducting business at 3250 Van Ness Avenue, San Francisco, California 94109, and doing business on Defendant's website at http://www.williams-sonoma.com. Upon information and belief, Defendant transacts business in, and supplies and ships products that infringe Plaintiff's trademark into, the State of Connecticut and into this District.

## FACTS

7. Since at least as early as July 2009, Plaintiff has continuously developed, marketed, and sold products under the trademark IGRILL (the "IGRILL Mark").

8. Plaintiff first used the IGRILL Mark in connection with a Bluetooth-enabled meat thermometer which can be programmed and monitored via a software application on Bluetooth-enabled mobile devices, such as smartphones and tablets.

9. Plaintiff has expanded its use of the IGRILL Mark to include a second-generation Bluetooth-enabled meat thermometer (the "IGRILL 2"), as well as a smaller-scale version of the IGRILL meat thermometer (the "IGRILL MINI").

10. In addition to Plaintiff's common law rights in the IGRILL Mark, Plaintiff is the owner of the entire right, title and interest in and to U.S. Trademark Registration No. 4,053,452 (the "Registration") in connection with "computer software, computer hardware and electronic food thermometers, all for use in connection with mobile devices to assist individuals with grilling and cooking activities, namely, for use in providing updated information to a person regarding the timing and preparedness of food being prepared, and informing users as to the anticipated time foods will be finished cooking, and providing warnings when food being prepared are cooking at inadequate heat." A copy of the Registration is attached as Exhibit 1.

11. The Registration is valid and subsisting, and constitutes constructive notice to Defendant of Plaintiff's ownership of and exclusive rights in the IGRILL Mark.

12. Plaintiff maintains strict quality control standards for all products branded with the IGRILL Mark.

13. Defendant advertises, markets, distributes, offers for sale, and sells a charcoal grill promoted on Defendant's website as the "I-Grill Portable Charcoal Grill" (the "Infringing Product"). In addition, the Infringing Product bears the marking "IGRILL" on its casing. A copy of Defendant's web page illustrating the Infringing Product is attached as Exhibit 2.

14. Defendant's use of the IGRILL Mark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Product is causing irreparable harm to Plaintiff.

15. Upon information and belief, Defendant was aware of Plaintiff's prior rights in and to its IGRILL Mark, and despite this knowledge, nevertheless adopted the same mark for

its Infringing Products. Accordingly, Defendant's infringement has been and continues to be, upon information and belief, intentional, willful and in bad faith.

### COUNT ONE:
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

16. Paragraphs 1-15 are hereby incorporated by reference as if fully set forth herein.

17. Defendant has adopted, used, and continues to use Plaintiff's IGRILL Mark to market and sell charcoal grills.

18. Defendant's charcoal grills are complementary to Plaintiff's Bluetooth-enabled meat thermometers and app, in that consumers are likely to use Defendant's and Plaintiff's respective goods together.

19. Defendant's use of Plaintiff's IGRILL Mark on charcoal grills is likely to cause confusion, mistake, and/or deception as to the source, sponsorship, or authorization of Defendant's Infringing Products, in violation of 15 U.S.C. § 1114.

20. Plaintiff is being harmed by and has suffered loss as a result of Defendant's misappropriation of Plaintiff's IGRILL Mark.

21. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Plaintiff's IGRILL Mark.

22. Plaintiff is entitled to the recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest, and costs pursuant to 15 U.S.C. § 1117(a) and (b).

## COUNT TWO:
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

23. Paragraphs 1-22 are hereby incorporated by reference as if fully set forth herein.

24. The Infringing Products sold and offered for sale by Defendant are closely related and complementary to Plaintiff's products sold and offered for sale under the IGRILL Mark, and, as such, are likely to cause confusion to the general purchasing public.

25. By misappropriating and using Plaintiff's IGRILL Mark, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion among ultimate purchasers as to both the source and sponsorship of such merchandise.

26. Defendant's unauthorized distribution, offering for sale, and sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized, or approved by Plaintiff, all to Defendant's profit and Plaintiff's great damage and injury.

27. Defendant's use of Plaintiff's IGRILL Mark in connection with the Infringing Products constitutes a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

28. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Plaintiff's IGRILL Mark.

## COUNT THREE:
## COMMON LAW TRADEMARK INFRINGEMENT

29. Paragraphs 1-28 are hereby incorporated by reference as if fully set forth herein.

30. Plaintiff has built up valuable goodwill in the IGRILL Mark through its continuous use and promotion of the IGRILL Mark.

31. Defendant has traded, and continues to trade, on the goodwill associated with the IGRILL Mark, and misleads the public into believing that the Infringing Products are endorsed or sponsored by, or otherwise affiliated with, Plaintiff.

32. Defendant's unauthorized use of Plaintiff's IGRILL Mark is likely to cause confusion, mislead and deceive the public as to the source of Defendant's Infringing Products, permit Defendant to pass off the Infringing Products as Plaintiff's merchandise, and falsely suggest a connection between Defendant and Plaintiff and will continue to do so, in violation of the common law of the State of Connecticut, and to the detriment of Plaintiff and the unjust enrichment of Defendant.

33. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Plaintiff's IGRILL Mark.

## COUNT FOUR:
## UNFAIR COMPETITION UNDER CONNECTICUT LAW

34. Paragraphs 1-33 are hereby incorporated by reference as if fully set forth herein.

35. Defendant's manufacture, distribution, offer for sale, and/or sale in commerce of the Infringing Products constitutes passing off of Defendant's Infringing Products as those of Plaintiff, and is likely to cause confusion, mistake, and/or deception among consumers.

36. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Plaintiff's IGRILL Mark.

## COUNT FIVE:
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (CONN. GEN. STAT. § 42-110a *et seq.*)

37. Paragraphs 1-36 are hereby incorporated by reference as if fully set forth herein.

38. Defendant's unauthorized use of Plaintiff's IGRILL Mark is likely to cause confusion, mistake, and/or deception among consumers, and thus constitutes an unfair trade practice.

39. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Plaintiff's IGRILL Mark.

## COUNT SIX:
## UNJUST ENRICHMENT

40. Paragraphs 1-39 are hereby incorporated by reference as if fully set forth herein.

41. Upon information and relief, as a result of the confusion, mistake, and/or deception caused among consumers by Defendant's unauthorized use of Plaintiff's IGRILL Mark, Defendant has profited from its sales of charcoal grills under Plaintiff's IGRILL Mark.

42. Upon information and belief, Defendant has been unjustly enriched by unfairly profiting from its misappropriation of Plaintiff's IGRILL Mark.

43. Plaintiff has been damaged by Defendant's unjust enrichment.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that Defendant be cited to appear in this case, and that Plaintiff receive the following relief:

1. That Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through or under them be enjoined and restrained permanently:

a) from using in any manner Plaintiff's IGRILL Mark, or any other mark which so resembles said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with the IGRILL Mark;

b) from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the IGRILL Mark;

c) from committing any acts calculated to cause purchasers to believe that Defendant's products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d) from further infringing the IGRILL Mark and damaging Plaintiff's goodwill;

e) from otherwise competing unfairly with Plaintiff in any manner; and

f) from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Plaintiff's IGRILL Mark or any mark confusingly similar thereto.

2. That Defendant be required upon service of this Complaint to deliver up to Plaintiff any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendant or under its control bearing the IGRILL Mark, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not Plaintiff's, or not made under the authorization and control of Plaintiff.

3. That Defendant be required upon service of this Complaint to supply Plaintiff with a complete list of entities from whom it purchased and to whom it distributed and/or sold products bearing the IGRILL Mark or products not authorized by Plaintiff to be sold in connection with said mark.

4. That Defendant be required upon service of this Complaint to deliver up for destruction its entire inventory of Infringing Products bearing the IGRILL Mark.

5. That Defendant account for and pay over to Plaintiff profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's Registration be increased by a sum not exceeding three times the amount thereof as provided by law.

6. That Plaintiff be awarded actual damages of an amount to be proven at trial and punitive damages in an amount to be proven at trial.

7. That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c).

8. That Plaintiff be awarded interest, including pre-judgment interest, on all sums.

9. That Plaintiff be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable or just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, iDevices, LLC hereby demands a trial by jury of all issues so triable.

Dated: May 27, 2014                    Respectfully submitted,

                                                /Mark D. Giarratana/
Mark D. Giarratana (ct10401)
Kevin L. Reiner (ct28176)
McCarter & English, LLP
185 Asylum Street
Hartford, Connecticut 06103
Tel: (860) 275-6700
Fax: (860) 724-3397

*Attorneys for Plaintiff iDevices, LLC*